(No. 2092—

COUNTY OF ST. CLAIR, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 11, 1937.*

LOUIS P. ZERWECK, for claimant.

OTTO KERNER, Attorney General, and CARL DIETZ and JOHN KASSERMAN, Assistant Attorneys General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

This claim was filed by St. Clair County, through its States Attorney, to collect the sum of $7,011.24, which claimant declares the State of Illinois owed it under and by virtue of a certain contract entered into on the 6th day of September. 1929, between the County of St. Clair, party of the first part, The Pennsylvania Railroad Company, lessee of and operating the railroad of the Pittsburgh, Cincinnati, Chicago and St. Louis Railroad Company, party of the second part, and the State of Illinois, acting by and through its Department of Public Works and Buildings, hereinafter called the State and intervenor.

The county was constructing a county highway known as State Aid Route No. 51, extending from the Village of Caseyville, St. Clair County, Illinois, in a northeasterly direc-

tion to the north line of St. Clair County, Illinois, where it made connection with the City of Collinsville in Madison County, Illinois. The County had petitioned the Illinois Commerce Commission for authority to re-locate the crossing of the Pennsylvania Railroad, and had requested that the new crossing be improved by separating the grades of the railroad and the highway by means of an overhead crossing or viaduct. The Railroad was named defendant, the case being No. 18447, before the Commerce Commission.

The State of Illinois through its Department of Public Works and Buildings intervened. The reason for the intervention by the State was that under the Act of the Legislature, providing for the issuance of a Hundred Million Dollars worth of bonds for the construction of a State wide system of hard roads, S. B. I. Rt. 157, was located and described as follows:

"Beginning at Cahokis and extending in a northerly direction to a point on Route No. 4, known as Sunset Hill; affording Cahokis Church, Edgemont, French Village, Caseyville, Peter's Station, Sunset Hill and the intervening communities reasonable connections with each other."

It was the contention of the Department of Public Works and Buildings that this re-located crossing and grade separation should serve as a portion of said State Bond Issue Route 157 when it was located and constructed, accordingly on to wit: October 25, 1929, Tri party agreement was signed and delivered by the respective parties, the State acting by and through its Department of Public Works and Buildings by H. H. Cleveland, Director and Frank T. Sheets, Superintendent of Highways. A copy of the agreement is set forth in the complaint.

In accordance with the agreement and the subsequent order entered by the Commission in case No. 18447, the County of St. Clair, advertised for and awarded contracts for the construction of this grade separation. The contracts were known officially as Section 59C-15d and Section 59D-15d.

The agreement provided that when the State should construct State Bond Issue Route 157 and incorporate the aforesaid grade separation as a part of its Route 157, the State would reimburse the County of St. Clair, to the extent of one-half of the cost of the grade separation, provided, the Pennsylvania Railroad Company would pay the remaining half of the cost. The costs of the work ordered by the Com-

mission in the case before them, being the case mentioned herein, and agreed to by the parties in supplementary claims as forming the basis of division of costs between the railroad company, and the county and State are as follows:

Payment on contracts and costs of materials of construction, paid by the county, exclusive of engineering and overhead.$140,224.57

10% of the above item as provided for in the agreement as engineering and overhead costs to the county............. 14,022.47

Cost of work performed by the P. C. C. & St. L. including percentage for overhead and engineering costs as provided for in the agreement............................... 2,944.56

Total costs, used as basis for division of costs..............$157,191.70

Payments made to the county by P. C. C. & St. L. and credit for work done by P. C. C. & St. L............................ 78,595.84

Balance due county from State of Illinois, as provided for in agreement ......................................... 78,595.86

Credit allowed by Department of Public Works and Buildings, State of Illinois to the County of St. Clair, on account of work performed under the agreement......................... 71,581.62

Balance due county from State of Illinois, account of work performed under terms of agreement..................... 7,011.24

This is shown by an itemized account of the costs marked Exhibit ''B'' and attached to the complaint.

The railroad company paid its one-half of the cost but the Department of Public Works and Buildings refused to pay a portion of the costs referred to under Section 3 of said tri-party agreement. That part of the contract objected to by the State, is as follows:

Section 3. The work chargeable to grade separation, the cost of which is to be borne fifty (50) per cent by the county and fifty (50) per cent by the railroad as hereinafter provided, shall comprise the following: * * *

(c) * * * An additional charge of ten (10) per cent shall be added to the actual cost of all work performed to cover cost of engineering, supervision and accounting.

Section 6 of the agreement provides:

"When the State constructed State Bond Issue Route 157 and incorporated that aforesaid grade separation as a part of its Route 157 which the State hereby agrees to do, the State will reimburse the county for an amount the county has expended on the grade separation, not to exceed half ($\frac{1}{2}$) of the cost of separation of grades, provided, further, that the railroad has paid the remaining half ($\frac{1}{2}$)".

It appears that the State itself incorporated this grade separation in the State Bond Issue 157, and the railroad com-

pany paid its one-half, including the ten per cent of the costs for engineering. The Department of Public Works and Buildings has made a partial refund for its share of the cost, but refuses to include in the item of cost, the ten per cent charge for engineering, it being claimed by the Department of Public Works and Buildings that the Hundred Million Dollar Road Bond Issue Act does not allow such a refund, and under these circumstances, an award is asked in the sum of $7,011.24.

It appears to the court that the contract entered into by the State, through its proper Department, is one to be construed in its entirety, and a contract which the Department had a legal right to make and that the State is bound thereby. Costs of engineering was a necessary part of the whole contract and certainly necessary for the intelligent completion of the job, and expressly provided for in the contract. The railroad company recognized this and paid their portion, and that is the only contingency upon which the State could refuse to pay, because it is specifically provided in the contract that the State would reimburse the county for an amount the county has expended on the grade separation, not to exceed half of the cost of separation of grades, provided, further that the railroad has paid the remaining one-half.

Upon a rechecking of the figures, it appears that the amount actually owed by the State is $6,611.13 and not $7,011.24, and this is admitted and agreed to by the State's Attorney of St. Clair County.

For the reasons aforesaid, an award in the sum of $6,611.13 in favor of the County of St. Clair is recommended.